UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ALPHA McQUEEN,<br>  Plaintiff,<br><br>vs.<br><br><br>UNITED STATES of<br>AMERICA,<br>  Defendant. | :<br>:<br>:<br>:<br>:<br>: Criminal No: 3:99CR196(AVC)<br>: Civil No:    3:04CV792(AVC)<br>:<br>:<br>: |

## RULING ON REQUEST FOR
## CERTIFICATE OF APPEALABILITY

This is petition to vacate, set aside or correct a sentence brought pursuant to 28 U.S.C. §2255.  The pro se petitioner, Alpha McQueen, challenges his conviction and subsequent sentencing for (1) conspiring to distribute more than 100 kilograms of marijuana in violation of 21 U.S.C. § 846, and (2) using a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1).

On March 18, 2005, the court denied McQueen's § 2255 petition (document no.118).  McQueen has filed the within "request for certificate of appealability"(document no.119).  For the reasons set forth below, the motion (document no.11) is DENIED.

### STANDARD

Title 28 U.S.C. § 2253(c)(1) provides, in relevant part: "Unless a . . . judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from . . . . the

1

final order in a proceeding under section 2255." A judge may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

To succeed in obtaining a certificate of appealability, a petitioner "need not show that he can prevail on the merits" on appeal. The petitioner, however, must show:

> (1) that the issues are debatable among jurists of reason; (2) that a court could resolve the issues in a different manner; or (3) that the questions are adequate to deserve encouragement to proceed further.

Wright v. United States, 2002 WL 32086478, at *1 (D. Conn. Nov. 1, 2002)(quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).

## DISCUSSION

### I. Ineffective Assistance of Counsel

#### A. Counsel's Failure to Request Evidentiary Hearing on Alleged Perjury

McQueen first argues that the court "erred in its ruling . . . that counsel was not ineffective in [failing] to request[] an evidentiary hearing" regarding "the perjurious testimony rendered by the government's witnesses that McQueen possessed three different guns involving the instance [sic] case."

McQueen argues that the court erred when it concluded that McQueen "could '[n]ot' establish prejudice by trial counsel's decisions." Specifically, McQueen argues that his attorney's

2

failure to request such an evidentiary hearing "denied [McQueen] the slightest chance of any departure from the sentencing range."

Based on the court's analysis in its ruling on McQueen's habeas corpus petition,[1] the court concludes that McQueen has failed to show that the issue of whether McQueen received ineffective assistance of counsel is debatable among jurists of reason or that the court could resolve the issue in a different matter. Furthermore, the court concludes that McQueen has not shown that his ineffective assistance of counsel argument is "adequate to deserve encouragement to proceed further." Wright v. United States, 2002 WL 32086478, at *1 (D. Conn. Nov. 1, 2002)(quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).

**B.   Counsel's Failure to Bring Alleged Vienna Convention Violations to the Court's Attention**

McQueen next argues that the court "erred" when it ruled that McQueen "was not prejudiced" by his counsel's failure to request "a hearing to establish" that the United States had violated his rights under the Vienna Convention.

McQueen argued in his petition that his arresting officers failed to notify him that pursuant to the Vienna Convention he was entitled to contact the Jamaican consulate upon his arrest. McQueen argued that his counsel was ineffective for not bringing the alleged Vienna Convention violation to the court's attention.

---

[1] The court incorporates its ruling on McQueen's habeas corpus petition by reference.

The court concluded, inter alia, that it was "not objectively unreasonable for [McQueen's] counsel to fail to bring the [alleged] Vienna Convention violations to the court's attention." Specifically, the court observed that it could not locate any "Second Circuit case in which a violation of the Vienna Convention resulted in relief for a defendant." Accordingly, following the Strickland v. Washington, 466 U.S. 668 (1984), McQueen's "counsel was not deficient for failing to seek relief" on the basis of the alleged Vienna Convention violations.

Here, McQueen has not shown that the issue of whether his counsel was ineffective for failing to bring alleged Vienna Convention violations to the court's attention is "debatable among jurists" or that "a court could resolve the issue[] in a different manner." Accordingly, the court concludes that the "questions are not adequate to deserve encouragement to proceed further." Wright v. United States, 2002 WL 32086478, at *1 (D. Conn. Nov. 1, 2002)(quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).

## II.  Booker v. Washington Does Not Apply Retroactively on Collateral Review

McQueen next argues that he has made a substantial showing of the denial of his constitutional right to trial by jury because "Booker should be applied retroactive[ly] in [the] first instance on collateral attack."

When the court issued its ruling on McQueen's petition for habeas corpus, the Second Circuit Court of Appeals had not yet ruled on whether Booker v. Washington, 125 S.Ct. 738 (2005), applied retroactively to a first § 2255 petition.  The court noted, however, "there is a consensus among district courts in this circuit that neither Blakely [v. United States, 124 S.Ct. 2531 (2004)] nor Booker apply retroactively to first § 2255 petitions."

Less than a month after the court's ruling on McQueen's § 2255 petition, the Second Circuit ruled that Booker v. Washington does not apply retroactively to cases on collateral review. See Guzman v. United States, 404 F.3d 139 (2d Cir. 2005). Specifically, the Second Circuit held "Booker is not retroactive: it does not apply to cases on collateral review where the defendant's conviction was final as of January 12, 2205, the date that Booker issued."  Id. at 141.

As the court noted in its ruling on McQueen's § 2255 petition, "McQueen's conviction became final on April 9, 2003." The Supreme Court issued Booker v. Washington on January 12, 2005.  Because Booker v. Washington does not apply retroactively, it does not apply to McQueen's first § 2255 petition.

Accordingly, the court concludes that McQueen has not "made a substantial showing of the denial" of his constitutional right to trial by jury. 28 U.S.C. § 2253(c)(2).

5

## CONCLUSION

For the reasons set forth above, the certificate for appealability (document no.119) is DENIED.

It is so ordered this 20th day of July, 2005 at Hartford, Connecticut.

_____                    \_/s/_____
                              Alfred V. Covello
                              United States District Judge