UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ALPHA McQUEEN,<br>  Plaintiff,<br><br>vs.<br><br><br>UNITED STATES of<br>AMERICA,<br>  Defendant. | :<br>:<br>:<br>:<br>: Criminal No: 3:99CR196(AVC)<br>: Civil No:    3:04CV792(AVC)<br>:<br>:<br>: |

**RULING ON THE PETITIONER'S MOTION TO AMEND**

This is a petition to vacate, set aside or correct a sentence brought pursuant to 28 U.S.C. §2255.  The <u>pro se</u> petitioner, Alpha McQueen, challenges his conviction and subsequent sentencing for (1) conspiring to distribute more than 100 kilograms of marijuana in violation of 21 U.S.C. § 846, and (2) using a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1).  On March 18, 2005, the court denied McQueen's § 2255 petition (document no.118).  On July 20, 2005, the court denied McQueen's request for a certificate of appealability (document no.120).

McQueen has filed the within motion (document no.121) "to amend supplemental pleading" purportedly pursuant to Fed. R. Civ. P. 15.  Specifically, McQueen argues that pursuant to Rule 15 the court should allow him "to amend his 924(c)(1) argument whereas no specialverdict[sic] form was submitted to the jury as to the "Type" of weapon . . ."  Furthermore, McQueen argues that the court should "stay[] those aspects of [its ruling on] issues or

1

have the judge dismiss[] those issues without prejudice until the Supreme Court makes Booker and FanFan[sic] . . . retroactive for § 2255 motion[s]."

A habeas corpus petition "may be amended or supplemented as provided in the rules of procedure applicable to civil actions." Masotto v. U.S., 205 F.3d 1323, 2000 WL 19096, at **2 (2d Cir. 2000)(citing 28 U.S.C. § 2242 and Rule 12 of the Rules Governing 28 U.S.C. § 2255 Proceedings).  Because McQueen filed the within motion to amend more than twenty days after the government's response to his § 2255 petition, Fed. R. Civ. P. 15(a) provides that McQueen "may amend [his] pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Masotto v. U.S., 205 F.3d 1323, 2000 WL 19096, at **2 (2d Cir. 2000).

The "decision to grant a motion to amend is committed to the sound discretion of the district court." Cing v. U.S., 298 F.3d 174, 180 (2d Cir. 2002).  The Second Circuit has held that it "is well-established that a district court should normally permit amendment absent futility, undue delay, bad faith or dilatory motive, or undue prejudice." Masotto v. U.S., 205 F.3d 1323, 2000 WL 19096, at **2 (2d Cir. 2000)(citing Foman v. Davis, 371 U.S. 178, 182 (1962) and Nerney v. Valente & Sons Repair Shop, 66 F.3d 25, 28 (2d Cir.1995)).

2

McQueen filed the within motion to amend over one year after he originally filed his § 2255 petition and over four months after the court issued a lengthy ruling denying his § 2255 petition.  In light of McQueen's delay in moving to so amend, the court concludes that it would not be an appropriate use of its discretion to now allow McQueen to amend the § 2255 petition. Accordingly, the motion to amend (document no.121) is DENIED.

It is so ordered this 27th  day of July, 2005 at Hartford, Connecticut.

                                                 _____/s/_____
                                                 Alfred V. Covello
                                                 United States District Judge